UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.
Magistrate Judge

SECURE SIGNAL, INC.,

    Plaintiff,

v.

ENTERTAINMENT BY J&J, INC.,
GARDEN CITY BOXING CLUB, INC.,
and JOE HAND PROMOTIONS, INC.,

    Defendants.
_____/

**COMPLAINT**

Plaintiff Secure Signal, Inc. ("Secure"), sues the defendants Entertainment by J & J, Inc., Garden City Boxing Club, Inc. and Joe Hand Promotions, Inc., alleges as follows:

### Nature of the Action and Jurisdiction and Venue

1.  Secure is in the business of providing anti-piracy services in connection with live satellite telecasts of sporting events. When Secure is retained by distributors and licensees of satellite telecasts, Secure audits commercial establishments to identify illegal exhibitions of the telecasts and then seeks compensation from violators.

2.  The defendants are three satellite distributors that have entered into written contracts with Secure to obtain such anti-piracy services. While Secure has

Secure Signal v. Entertainment By J&J
Case No.
Page No. 2

performed under the governing agreements in all material respects, defendants are in material breach of the agreements.

3. By this action, Secure seeks declaratory relief and compensatory damages in an amount in excess of $75,000.00. The Court has diversity jurisdiction pursuant to 28 USC §1332(a)(2). The amount in controversy exceeds $1,000,000.00.

### The Parties

4. Secure is a Florida corporation with its principal place of business at 7777 Glades Road, Suite 302, Boca Raton, Florida.

5. Entertainment by J&J, Inc. ("EJJ") is, upon information and belief, a California corporation with its principal place of business at 2380 South Bascom Avenue, Suite 200, Campbell, California 95008.

6. Garden City Boxing Club, Inc. ("Garden City") is, upon information and belief, a California corporation with its principal place of business at 2380 South Bascom Avenue, Suite 200, Campbell, California 95008.

7. Joe Hand Promotions, Inc. ("Joe Hand") is, upon information and belief, a Pennsylvania corporation with its principal place of business at 407 East Pennsylvania Boulevard, Feasterville, Pennsylvania, 19053.

### Factual Allegations

#### The Agreements

8. Between September 1996 and June 2002, Secure entered into twenty-one (21) separate anti-piracy agreements (collectively the "Agreements") with

Secure Signal v. Entertainment By J&J
Case No.
Page No. 3

defendants in connection with televised professional boxing matches for which defendants purported to hold broadcast rights (the "Telecasts").

9. Specifically, Secure entered into fifteen (15) agreements with EJJ; four (4) agreements with Joe Hand; and two (2) agreements with Garden City.

10. In certain cases, Secure entered into Agreements with more than one defendant concerning the same Telecast. All told, there are nineteen (19) Telecasts at issue covered by the twenty-one (21) Agreements, as indicated in the following chart:

| Agreement Number | Defendant | Telecast (Date) | Agreement Date |
|---|---|---|---|
| 1 | EJJ | Chavez/Gonzalez-Carbajal (10/12/96) | September 26, 1996 |
| 2 | EJJ | Bowe-Golota (12/14/96) | November 14, 1996 |
| 3 | EJJ | De La Hoya-Gonzalez (1/18/97) | January 9, 1997 |
| 4 | EJJ | Whitaker-De La Hoya (4/12/97) | April 1, 1997 |
| 5 | EJJ | De La Hoya-Camacho (9/13/97) | September 10, 1997 |
| 6 | EJJ | De La Hoya-Rivera (12/16/97) | December 1, 1997 |
| 7 | EJJ | De La Hoya-Quartey (2/13/99) | February 5, 1999 |
| 8 | EJJ | De La Hoya-Trinidad (9/18/99) | August 10, 1999 |
| 9 | Joe Hand | Tyson-Francis (1/29/00) | January 11, 2000 |
| 10 | EJJ | Lewis-Grant (4/29/00) | January 4, 2000 |
| 11 | EJJ | De La Hoya-Mosley (6/17/00) | June 1, 2000 |
| 12 | Joe Hand | Tyson-Savarese (6/24/00) | June 8, 2000 |
| 13 | EJJ | Tyson-Golota (10/20/00) | September 26, 2000 |
| 14 | Joe Hand | Tyson-Golota (10/20/00) | October 13, 2000 |
| 15 | EJJ | Lewis-Tua (11/11/00) | October 27, 2000 |
| 16 | EJJ | Hamed-Barrera (4/7/01) | March 22, 2001 |
| 17 | EJJ | Jones-Gonzalez (7/28/01) | July 26, 2001 |
| 18 | EJJ | Tyson-Nielson (10/13/01) | October 3, 2001 |

Secure Signal v. Entertainment By J&J
Case No.
Page No. 4

| 19 | Joe Hand | Tyson-Nielson (10/13/01) | September 25, 2001 |
| 20 | Garden City | Barrera-Morales (6/22/02) | June 5, 2002 |
| 21 | Garden City | De La Hoya-Vargas (9/14/02) | June 5, 2002 |

For clarity, the Agreements shall at times be referred to by the foregoing Agreement numbers.

  11. All of the Agreements are substantially identical in a number of significant respects:

  (i) Each Agreement concerns a particular Telecast with respect to which the defendant purports to have distribution/exhibition rights and in that connection retains Secure to provide anti-piracy services;

  (ii) Each Agreement provides that Secure, at its own expense, "shall audit commercial establishments to determine what television programming they are exhibiting and to identify commercial establishments that are illegally exhibiting" the Telecast at issue in the Agreement;

  (iii) Each Agreement compels the defendant timely to provide to Secure a list of the legally licensed outlets of the Telecast at issue (the "Legal List") so that Secure may perform its functions under the Agreement;

  (iv) Each Agreement empowers Secure to negotiate a settlement with and, if necessary pursue other legal avenues against commercial establishments that have illegally exhibited the Telecast at issue in the Agreement;

  (v) Each Agreement entitles Secure to compensation for its anti-piracy services;

  (vi) Each Agreement obligates the defendant to "pay Secure's reasonable counsel fees and costs" (in addition to "any other award or relief as determined") in the event Secure should "employ counsel to enforce any of its rights hereunder;" and

Secure Signal v. Entertainment By J&J
Case No.
Page No. 5

>    (vii)   Each Agreement provides that the defendant "shall indemnify, defend, protect, save and hold harmless Secure from and against any and all . . . costs, liabilities, expenses or damages incurred by. . . Secure arising from the breach of the covenants or obligations of [the defendant] pursuant to the terms of the agreement."

Agreement 17 does not fully set forth all of these provisions in writing, as it memorializes the parties' oral agreement that Secure would provide anti-piracy services for the Telecast there at issue, consistent with the basic terms set forth in the parties' other written Agreements.

   12.   In addition to the foregoing, Agreements 2, 3, 4, 7, 8, 10, 11, 13, 14, 15, and 16 also contain an "Exclusivity Provision" whereby the defendant expressly agrees not to retain any person or entity other than Secure to provide anti-piracy services for the Telecast.

   13.   With the exception of Agreement 17, all of the Agreements expressly provide that they are to be governed in all respects under Florida law and provide for exclusive jurisdiction in the Florida state courts or US courts sitting within Florida, and therefore, the three Defendants are subject to jurisdiction in the State of Florida.

**Defendants' Breaches of The Agreements**

   14.   Secure has performed in all material respects under each and every one of the Agreements, having provided the anti-piracy services called for under the Agreements.

Secure Signal v. Entertainment By J&J
Case No.
Page No. 6

15. In contrast, defendants have materially breached the Agreements in, at minimum, the following respects:

(i) With respect to Agreements 2, 3, 4, 7, 8, 10, 11, 13, 14, 15, and 16, EJJ and Joe Hand have, upon information and belief, permitted persons or entities other than Secure to provide anti-piracy services, in contravention of the Exclusivity Provisions of those Agreements;

(ii) With respect to Agreements 1 through 8, 10, 11 and 13 through 17, upon information and belief, EJJ and Joe Hand lacked proper authority to retain Secure to provide anti-piracy services because they may not have possessed rights with respect to the Telecasts at issue in those Agreements;

(iii) With respect to Agreements 20 and 21, Garden City failed to provide the Legal List to Secure; and

(iv) With respect to all of the Agreements, defendants purported to terminate the Agreements by letter dated March 28, 2003 (the "March 28 Letter") although defendants lacked any lawful authority to effect such "terminations."

16. As a direct and proximate consequence of defendants' unlawful conduct, Secure has suffered monetary damages.

### Claims for Relief

**FIRST CAUSE OF ACTION**
**(Against all Defendants)**
**(Breach of Contract – Termination)**

17. Secure repeats and realleges, as if set forth in full here, the allegations of paragraphs 1 through 16 of the Complaint.

18. The Agreements are binding contracts between the parties.

Secure Signal v. Entertainment By J&J
Case No.
Page No. 7

19. At all times, Secure has complied with the Agreements in all material respects and has performed all of its duties and obligations as set forth in the Agreements.

20. The March 28 Letter, as well as defendants' conduct subsequent to and consistent with the March 28 Letter, constitutes a material breach of all of the Agreements.

21. As a direct and foreseeable result of Defendants' material breaches of the Agreements, Secure has been damaged in an amount in excess of $75,000.00.

## SECOND CAUSE OF ACTION
### (Against EJJ and Joe Hand)
### (Breach of Contract – Exclusivity)

22. Secure repeats and realleges, as if set forth in full here, the allegations of paragraphs 1 through 16 of the Complaint.

23. The Agreements are binding contracts between the parties.

24. The Exclusivity Provision contained in Agreements 2, 3, 4, 7, 8, 10, 11, 13, 14, 15, and 16 expressly provides that the defendant agrees not to retain any person or entity other than Secure to provide anti-piracy services for the Telecast.

25. At all times, Secure has complied with the Agreements in all material respects and has performed all of its duties and obligations as set forth in the Agreements.

26. In direct contravention of the Exclusivity Provision, defendants EJJ and Joe Hand have, upon information and belief, permitted persons or entities other

than Secure to provide anti-piracy services, thereby materially breaching Agreements 2, 3, 4, 7, 8, 10, 11, 13, 14, 15, and 16.

27.  As a direct and foreseeable result of EJJ's and Joe Hand's material breaches of Agreements 2, 3, 4, 7, 8, 10, 11, 13, 14, 15, and 16, Secure has been damaged in an amount in excess of $75,000.00.

## THIRD CAUSE OF ACTION
### (Against Garden City)
### (Breach of Contract – Legal List)

28.  Secure repeats and realleges, as if set forth in full here, the allegations of paragraphs 1 through 16 of the Complaint.

29.  The Agreements are binding contracts between the parties.

30.  At all times, Secure has complied with the Agreements in all material respects and has performed all of its duties and obligations as set forth in the Agreements.

31.  Garden City has failed to provide the Legal List to Secure in a timely manner, thereby materially breaching Agreements 20 and 21.

32.  As a direct and foreseeable result of Garden City's material breaches of the Agreements, Secure has been damaged in an amount in excess of $75,000.00.

## FOURTH CAUSE OF ACTION
### (Against EJJ and Joe Hand)
### (Breach of Contract – Authority To Contract)

Secure Signal v. Entertainment By J&J
Case No.
Page No. 9

33.  Secure repeats and realleges, as if set forth in full here, the allegations of paragraphs 1 through 16 of the Complaint.

34.  The Agreements are binding contracts between the parties.

35.  At all times, Secure has complied with the Agreements in all material respects and has performed all of its duties and obligations as set forth in the Agreements.

36.  With respect to Agreements 1 through 8, 10, 11 and 13 through 17, EJJ and Joe Hand lacked proper authority to retain Secure to provide anti-piracy services because they may not have possessed rights with respect to the Telecasts at issue in those Agreements.

37.  As a direct and foreseeable result of EJJ's and Joe Hand's material breaches of the Agreements, Secure has been damaged in an amount in excess of $75,000.00.

### FIFTH CAUSE OF ACTION
### (Contractual Indemnification)

38.  Secure repeats and realleges, as if set forth in full here, the allegations of paragraphs 1 through 16 of the Complaint.

39.  Each Agreement obligates the defendant to "pay Secure's reasonable counsel fees and costs" in the event Secure should "employ counsel to enforce any of its rights hereunder," and under the indemnification provision.

Secure Signal v. Entertainment By J&J
Case No.
Page No. 10

40. In accordance with such express contractual indemnifications, Secure is entitled to recover from defendants all of its costs and attorneys' fees resulting from defendants' breaches of the Agreements, including in connection with this action to enforce Secure's rights under the Agreements.

### SIXTH CAUSE OF ACTION
### (Against all Defendants)
### (Declaratory Relief)

41. Secure repeats and realleges, as if set forth in full here, the allegations of paragraphs 1 through 16 of the Complaint.

42. Pursuant to 86.011, Florida Statutes, Secure is in doubt as to its rights, status and obligations under these agreements.

43. Secure requests that this Court take jurisdiction over this matter and determine that:

    a. The Defendants have breached the agreements;

    b. The Defendants' purported termination is without force and effect, i.e. not valid;

    c. The agreements are in full force and effect;

    d. The Plaintiff is entitled to attorneys fees and costs;

    e. Such other relief as the Court deems appropriate.

### Prayer For Relief as to Counts I through 5

WHEREFORE, Secure respectfully request judgment against defendants as follows:

Secure Signal v. Entertainment By J&J
Case No.
Page No. 11

(1) On the first through fourth causes of action for breach of contract, awarding Secure damages, plus prejudgment interest;

(2) On the fifth cause of action for contractual indemnification, awarding Secure all of its costs and attorneys' fees in this action; and

(3) On all of the causes of action, awarding Secure such other and further relief as the Court deems just and proper.

(4) Plaintiff demands trial by jury.

Dated: West Palm Beach, Florida

April 11th, 2003

                Burman Critton Luttier & Coleman

                By:_____
                Robert D. Critton, Jr.
                Florida Bar No. 224162
                515 N. Flagler Drive
                Suite 400
                West Palm Beach, FL 33401
                (561) 842-2820
                Attorneys for Plaintiff Secure Signal, Inc.

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
SECURE SIGNAL, INC.

## DEFENDANTS
ENTERTAINMENT BY J&J, INC.,
GARDEN CITY BOXING CLUB, INC. and
JOE HAND PROMOTIONS, INC.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **PALM BEACH COUNTY**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT **SANTA CLARA COUNTY, CA**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
ROBERT D. CRITTON, JR.,
BURMAN, CRITTON, LUTTIER & COLEMAN, 515 N. FLAGLER DRIVE, SUITE 400, WEST PALM BEACH, FL 33401

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | **PERSONAL PROPERTY** | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | B☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | B☐ 690 Other | **B SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **A LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | A☐ 791 Empl. Ret. Inc. Security Act | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | | A☐ 871 IRS — Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | A OR B |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
28 USC §1332(a)(2)

LENGTH OF TRIAL
via 5 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ GTR. $1,000,000.00    CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE    APRIL 11, 2003
SIGNATURE OF ATTORNEY OF RECORD
ROBERT D. CRITTON, JR., Florida Bar No. 224162

**FOR OFFICE USE ONLY**
RECEIPT # 718070   AMOUNT 150.00   APPLYING IFP _____   JUDGE Payne   MAG. JUDGE Johnson